Daniel R. Price (SBN: 073821)
LAW OFFICES OF DAN PRICE
260 Sheridan Avenue, Suite 208
Palo Alto, California 94306
Telephone: (650) 321-1440
Facsimile: (650) 321-4746

Attorney for Petitioner Margaret Chau

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Dan Nghia (Margaret) Chau,

    Petitioner,

vs.

Macy's Inc.,

    Respondent

Case No. CV 13 80 211 MISC

**PETITION TO VACATE ARBITRATION AWARD**

(9 U.S.C.A. §§10-12)

Petitioner Margaret Chau, by and through counsel moves for an order, pursuant to Title 9, Unitied States Code, Section 10, vacating the arbitration award entered by AAA arbitrator Sheldon Michaels entered in this judicial district on July 18, 2013 (the "<u>Award</u>"), and respectfully alleges:

**JURISDICTION AND VENUE**

1.    Petitioner Margaret Chau is an individual residing in the City of Stockton, State of California.

2.    On information and belief, Respondent Macy's Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business outside of the

State of California and located in Cincinnati, Ohio and/or New York, New York. See Exhibit A to the Declaration of Dan Price in Support of the Petition to Vacate Award ("*Price Dec*").

3.  The jurisdiction of this Court is invoked under Title 9, United States Code, and particularly Section 10 thereof, and under Title 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, is in excess of $75,000. Venue is proper in this judicial district pursuant to 9 USCA §§ 10, 11.

## FACTUAL BACKGROUND

4.  In accepting employment with Respondent to engage in the sale of retail goods in interstate commerce and/or which employment contemplated sales activities which affected commerce, Petitioner agreed to arbitrate controversies arising out of the employment pursuant to certain arbitration rules (the so-called "Solutions InSTORE Early Dispute Resolution Rules and Procedures" – hereinafter the "<u>InSTORE Rules</u>" which InSTORE Rules provide for the governance of the arbitration pursuant to the Federal Arbitration Act and in relevant part as follows:

> <u>Article 2: Claims Subject to or Excluded from Arbitration.</u>
> Arbitration is administered by the American Arbitration Association ("AAA") under these Solution InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA'S Employment Arbitration Rules and Mediation Procedures. . . . . If there are any differences between the Solutions InSTORE Early Dispute Resolution Rules and Procedures and the employment arbitration portion of the AAA's Employment Arbitration Rules and Mediation Procedures, the Solutions InSTORE Early Dispute Resolution Rules and Procedures shall apply.
>
> <u>Article 18: Enforceability</u>
> The arbitration agreement, the arbitration proceedings and any award rendered pursuant to them shall be interpreted under, enforceable in accordance with, and subject to the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq, regardless of the state in which the arbitration is held or the substantive law applied in the arbitration. . . .
>
> <u>Article 19: Appeal Rights</u>
> The decision rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. Sec 1 et seq.

The InSTORE Rules are attached to the "*Price Dec*" as Exhibit B and incorporated by this reference.

5. A controversy arose between Petitioner and Respondent resulting in allegations by Petitioner of invidious discrimination practiced by Respondent against Petitioner during the course of Petitioner's employment with Respondent and thereafter upon Petitioner's termination of employment by Respondent, under state anti-discrimination laws.

7. Pursuant to the InSTORE Rules, the parties then submitted the controversy to arbitration selecting AAA arbitrator Sheldon Michaels as the sole arbitrator to determine the issues in controversy. The matter was set for arbitration to begin on July 9, 2013 in San Francisco, California. The e-mail from the American Arbitration Association setting the matter for arbitration in San Francisco on such date is attached to the *Price Dec* as Exhibit C and incorporated by this reference.

8. After the case was set for arbitration, Respondent made a motion for summary judgment. The matter was briefed and a telephonic hearing was held by Arbitrator Sheldon Michaels. Arbitrator Michaels, on information and belief, held the telephonic hearing from his office in Oakland, California. Counsel for Petitioner appeared by telephone from his office in Palo Alto, California, and counsel for Defendant appeared by telephone, on information and belief from his office in St. Louis, Missouri.

9. On or about July 18, 2013 Arbitrator Michaels made the Award in writing, granting summary judgment to the Respondent on all Petitioner's claims. The Award was duly acknowledged and delivered/e-mailed to the parties on July 18, 2013. A copy of the e-mail transmittal of the Award is attached as Exhibit D to the *Price Dec* and incorporated by this reference. A copy of the Award is attached as Exhibit E to the *Price Dec* and incorporated by this reference.

10. Petitioner hereby seeks to vacate the Award pursuant to the Federal Arbitration Act, 9 USCA § 10 and relevant federal case law, and for the reasons more fully set forth in the accompanying Memorandum of Points and Authorities in Support of the Petition to Vacate Award (the "<u>Memorandum</u>"), in that and in summary the arbitrator, while being aware of the relevant law, manifestly disregarded the hornbook, firmly entrenched law regarding the standard of proof for award of summary judgment.

11. In support of this Petition, Petitioner submits this Petition, the Notice of Petition to Vacate Arbitration Award, the accompanying Memorandum, and the Declaration of Dan Price in Support of the Petition to Vacate Award, with attached Exhibits.

12. Wherefore, Petitioner moves this Court for an order vacating the Award.

Dated: 10/7/13

_____
Daniel R. Price, attorney for Petitioner