**United States District Court**
For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8              SAN FRANCISCO DIVISION

9

10  DAN NGHIA (MARGARET) CHAU,                    No. 13-80211 RS

11                      Petitioner,              **ORDER DENYING PETITION TO
                                                  VACATE ARBITRATION AWARD**

12  v.

13  MACY'S, INC.,

14                      Respondent.

15  _____/

16

17      Petitioner Dan Nghia (Margaret) Chau seeks to vacate an arbitration award rejecting her

18  claims for discrimination, harassment, wrongful termination and related alleged wrongdoing by her

19  former employer, respondent Macy's, Inc.  Pursuant to Civil Local Rule 7-1(b), the matter is

20  suitable for disposition without oral argument, and the hearing set for December 12, 2013, is

21  vacated.  The petition will be denied.

22      Review of arbitration decisions is limited under the Federal Arbitration Act ("FAA"), and an

23  award may be set aside only where (1) it is obtained through corruption, fraud, or undue means, (2)

24  there is evidence of the arbitrators' bias or corruption, (3) the arbitrators are guilty of misconduct by

25  refusing to postpone a hearing or to consider evidence, or (4) the arbitrators exceeded their powers

26  or performed them so insufficiently that a final and definite award was not made. *Lagstein v.*

27  *Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir.2010).

28

No. CV 13-80211 RS
ORDER

1    Arbitrators exceed their authority when they express a "manifest disregard of [the] law" or

2   the award is "completely irrational." *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341

3   F.3d 987, 997 (9th Cir.2003) (en banc) (internal quotation marks omitted).  "Manifest disregard" is a

4   deferential standard, overcome only where the arbitration panel commits clear and obvious error in

5   the face of contrary law. *Sheet Metal Workers' Int'l Ass'n Local 359 v. Madison Indus., Inc., of*

6   *Ariz.*, 84 F.3d 1186, 1190 (9th Cir.1996) (stating that judicial review of an arbitration award,

7   including for a manifest disregard of the law claim, is "both limited and highly deferential");

8   *Lagstein*, 607 F.3d at 641 (holding that to vacate an arbitration award on a manifest disregard of the

9   law ground, it "must be clear from the record that the arbitrators recognized the applicable law and

10   then ignored it" (internal quotation marks omitted)).  Arbitrators need not provide reasons for their

11   findings, but are presumed to have applied the law appropriately. *A.G. Edwards & Sons, Inc. v.*

12   *McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992) (*per curiam*).

13    Here, Chau contends the arbitrator acted in manifest disregard of the legal standards under

14   which summary judgment can be granted, when he concluded that she had "failed to present

15   sufficient evidence *to establish* any of [her] claims."  (Emphasis added).  While the parties dispute

16   whether or not California and federal summary judgment standards are effectively identical as to the

17   moving party's initial burden, there is no controversy that in neither forum must a plaintiff be able

18   to "establish" his or her case at summary judgment, rather summary judgment has to be denied if

19   there is a "triable issue" of fact.

20    Notwithstanding the arbitrator's use of some language regarding a failure by Chau to

21   "establish" her claims, the petition to set aside the award must be denied for two reasons.  First,

22   Chau has failed to show that the arbitrator was required to follow the legal standards that would

23   apply to a summary judgment motion in either state or federal court in any event.  The arbitration

24   agreement required the arbitrator to apply the *substantive* law of the state where Chau was

25   employed, namely California.  See Early Dispute Resolution Rules and Procedures, Step 4, Article

26   12.  As is ordinarily the case, however, the arbitration agreement plainly contemplated a

27   streamlined proceeding, under procedural rules differing from those applicable in either state or

28   federal court.  The agreement expressly authorized each side to bring one "dispositive motion,"

United States District Court
For the Northern District of California

No. CV 13-80211 RS
ORDER

2

**United States District Court**
For the Northern District of California

1  without further specifying any standards to be applied in deciding such motions.  See Step 4, Article

2  11 (d).  Much  as the arbitrator was expressly permitted to admit evidence without strict application

3  of the Federal Rules of Evidence (Step 4, Article 11 b), he was implicitly authorized to decide a

4  "dispositive motion" without being bound by the precise contours of either Rule 56 of the Federal

5  Rules of Civil Procedure or California Code of Civil Procedure §437c.[1]  Chau has failed to show

6  any "manifest disregard" of the law, because she has not supported her underlying premise that state

7  and/or federal standards for summary judgment applied in the context of this arbitration.

8       The petition to vacate also fails because even assuming the arbitrator was not authorized to

9  grant summary judgment except on a record that would support such a result under Rule 56 and/or

10  §437c, the decision read as a whole is consistent with those standards.  The arbitrator repeatedly

11  stated that for the purposes of deciding the motion, he was taking all of Chau's factual allegations

12  and evidence as true.  Although he expressed the ultimate conclusion that the evidence would be

13  insufficient to "establish" the requisite elements of the legal claims advanced, it is clear from

14  context that the evidence was, in the arbitrator's view, insufficient to raise a triable issue of fact.

15  The arbitrator did not look at conflicting evidence and conclude Chau would be unable to prove her

16  case.  Rather, he *assumed* all the facts advanced by Chau could and would be proven, but concluded

17  those facts were legally insufficient to give rise to liability.  Chau has complained about the

18  arbitrator's phrasing, but she has pointed to nothing that suggests the arbitrator's analysis ignored

19  any triable issue of fact because of an incorrect focus on her ultimate ability to prevail.

20       While it might have been preferable had the decision used the language "no triable issue of

21  fact," that is, in essence, what the arbitrator found.  Thus, even to the extent state or federal

22  procedural rules applied to the dispositive motion, Chau has shown no grounds to vacate the award.

23  The petition is denied.

24

25

26

27  [1] There might be circumstances under which a party had been so deprived of the opportunity to be
heard that the lack of explicit standards for "dispositive motions" in the arbitration agreement would
not serve to justify the award.  No such situation is presented here.

28

1    IT IS SO ORDERED

2

3    Dated:  12/9/13

4                                                      RICHARD SEEBORG
                                                       UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

No. CV 13-80211 RS
ORDER

4